UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEWOLDEBRAHAN MAHARIE MEKONNEN, <br><br> Petitioner, <br><br> v. <br><br> B. BENOV, Warden, <br><br> Respondent. | 1:10-cv-02210 MJS HC <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. 12] |

## I. INTRODUCTION

On November 29, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet, ECF No. 1.) On July 6, 2011, Respondent filed a Motion to Dismiss the Petition contending that Petitioner did not present a cognizable claim. (Mot. to Dismiss, ECF No. 12.) Petitioner did not object to the Motion to Dismiss. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

## II. PROCEDURAL HISTORY

On February 13, 2007, Petitioner was sentenced to a 120-month term of imprisonment for conspiracy to distribute cocaine base and possessing a firearm in furtherance of a drug trafficking crime. (Mot. to Dismiss, Ex. 2.) At the time he filed the current Petition, Petitioner was in custody of the Bureau of Prisons ("BOP") at Taft Correctional Institution in Taft,

California. (Pet. at 1.) Petitioner's projected release date is December 3, 2013. (Id. at Ex. 1.)

## III.    PETITIONER'S CLAIMS

Petitioner claims the following in his petition:

> Petitioner Mekonnen is a legal permanent resident of the United States incarcerated in deportable facility that houses illegal aliens. Petitioner would respectfully request from the Court to compel the respondent to redesignated [sic] and transferred [sic] him to a Federal Bureau of Prisons (BOP) facility so he would be able to participate in the residential Drug Abuse Program (RDAP) and other BOP programs and seek a sentence reduction of 18 months if the Petitioner participated and finished the RDAP.

(Pet. at 3.)

Accordingly, Petitioner seeks a transfer to a BOP facility where he would potentially be able to participate in the RDAP.

## IV.    DISCUSSION

This Court lacks jurisdiction to review Respondent's denial of Petitioner's request to transfer.  The Court also lacks jurisdiction to review any individualized determination as to whether Petitioner is eligible for the RDAP.

It is well established that prisoners do not have a due process right to confinement in a particular prison facility or to a particular level of confinement. See, e.g., Meachum v. Fano, 427 U.S. 215, 224 (1976) (rejecting state prisoner's due process challenge of a transfer to a higher level security prison); Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991) (holding that federal prisoners have no due process right to any particular prison or level of confinement). The authority to determine the proper facility for a given federal prisoner has been committed to the BOP, not the courts. Congress has expressly authorized the BOP to classify and segregate federal prisoners "according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions." See 18 U.S.C. § 4081; see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prisoner classification has been delegated by Congress to the discretion of federal prison officials). There is also no requirement that prisoners pass through community treatment centers en route to free society. See United States v. Laughlin,

933 F.2d 786, 789 (9th Cir. 1991). Accordingly, this Court lacks jurisdiction to compel Respondent to transfer Petitioner to another institution.

Further, the Ninth Circuit recently determined that 18 U.S.C. § 3625 precludes judicial review under the Administrative Procedures Act ("APA") of certain individualized determinations by the BOP. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011). In Reeb, the petitioner challenged the BOP's decision to expel him from RDAP. As the Reeb court discussed, the BOP has broad statutory discretion over the entire RDAP program under 18 U.S.C. § 3621(e), and inmates who successfully complete RDAP are eligible for up to a one-year sentence reduction. Id. at 1225. The petitioner in Reeb contended the BOP lacked a rational basis for expelling him from RDAP under § 706(2)(A) of the APA. Id. The Reeb court concluded that it lacked jurisdiction to hear the claim, holding that 18 U.S.C. § 3625 unambiguously specified that judicial review under the APA was precluded:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id at 1227. Thus, pursuant to Reeb, this Court lacks jurisdiction to review any individualized RDAP determination made in Petitioner's case.[1]

Since the Court lacks jurisdiction to review determinations relating to Petitioner's transfer or his eligibility for the RDAP, the Motion to Dismiss shall be granted and the Petition dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Motion to Dismiss is GRANTED;

2. The Petition for Writ of Habeas Corpus is hereby DISMISSED for lack of

---

[1] Reviewing the Petition, Motion to Dismiss, and attached exhibits, it is unclear if a determination of Petitioner's eligibility for the RDAP program was ever made. Regardless, if such a determination was made, it eludes judicial review.

U.S. District Court
E. D. California
-3-

1  jurisdiction; and

2  3. The Clerk of Court is DIRECTED to enter judgment.

4  IT IS SO ORDERED.

5  Dated:   September 12, 2011           /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE